1

2

3

4

5

6

7

8            UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   PAUL STEVEN MILANI,                    No.  2:12-cv-2301 DAD

12            Plaintiff,

13        v.                               ORDER

14   CAROLYN W. COLVIN, Commissioner
     of Social Security,
15

16            Defendant.

17

18        This social security action was submitted to the court without oral argument for ruling on

19   plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.

20   For the reasons explained below, plaintiff's motion is granted, defendant's cross-motion is

21   denied, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and

22   the matter is remanded for further proceedings consistent with this order.

23                        PROCEDURAL BACKGROUND

24        On May 19, 2009, and May 25, 2009, plaintiff filed applications for Disability Insurance

25   Benefits ("DIB") under Title II of the Social Security Act ("the Act") and for Supplemental

26   Security Income ("SSI") under Title XVI of the Act alleging disability beginning on March 30,

27   2004.  (Transcript ("Tr.") at 25, 142-47.)  Plaintiff's applications were denied initially and upon

28   reconsideration.  (Id. at 83-92.)

1      Thereafter, plaintiff requested a hearing and a hearing was held before an Administrative

2   Law Judge ("ALJ") on December 14, 2010.  (Id. at 39-71.)  Plaintiff was represented by counsel

3   and testified at that hearing.  In a decision issued on January 26, 2011, the ALJ found that

4   plaintiff was not disabled.  (Id. at 37.)

5      The ALJ entered the following findings:

6      1.  The claimant meets the insured status requirements of the Social
       Security Act through March 31, 2010.
7

8      2.  The claimant has not engaged in substantial gainful activity
       since March 30, 2004, the alleged onset date (20 CFR 404.1571 *et
       seq.*, and 416.971 *et seq.*).
9

10     3.  The claimant has the following severe impairments:  bipolar
       disorder (20 CFR 404.1520(c) and 416.920(c)).

11     4.  The claimant does not have an impairment or combination of
       impairments that meets or medically equals one of the listed
12     impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR
       404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and
13     416.926).

14     5.  After careful consideration of the entire record, the undersigned
       finds that the claimant has the residual functional capacity to
15     perform a full range of work at all exertional levels but with the
       following nonexertional limitations:  he can only do simple routine
16     tasks with limited public contact.

17     6.  The claimant is unable to perform any past relevant work (20
       CFR 404.1565 and 416.965).
18

19     7.  The claimant was born on October 6, 1959 and was 44 years old,
       which is defined as a younger individual age 18-49, on the alleged
       disability onset date (20 CFR 404.1563 and 416.963).
20

21     8.  The claimant has at least a high school education and is able to
       communicate in English (20 CFR 404.1564 and 416.964).

22     9.  Transferability of job skills is not material to the determination
       of disability because using the Medical-Vocational Rules as a
23     framework supports a finding that the claimant is "not disabled,"
       whether or not the claimant has transferable job skills (See SSR 82-
24     41 and 20 CFR Part 404, Subpart P, Appendix 2).

25     10.  Considering the claimant's age, education, work experience,
       and residual functional capacity, there are jobs that exist in
26     significant numbers in the national economy that the claimant can
       perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).
27

28   /////

2

1
2

>11. The claimant has not been under a disability, as defined in the Social Security Act, from March 30, 2004, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

3

(Id. at 27-37.)

4

On July 26, 2012, the Appeals Council denied plaintiff's request for review of the ALJ's

5

decision. (Id. at 1-4.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the

6

complaint in this action on September 7, 2012.

7

LEGAL STANDARD

8

"The district court reviews the Commissioner's final decision for substantial evidence,

9

and the Commissioner's decision will be disturbed only if it is not supported by substantial

10

evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012).

11

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to

12

support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v.

13

Chater, 108 F.3d 978, 980 (9th Cir. 1997).

14

"[A] reviewing court must consider the entire record as a whole and may not affirm

15

simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin.,

16

466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir.

17

1989)). If, however, "the record considered as a whole can reasonably support either affirming or

18

reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d

19

1072, 1075 (9th Cir. 2002).

20

A five-step evaluation process is used to determine whether a claimant is disabled. 20

21

C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step

22

process has been summarized as follows:

23
24

>Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

25
26

>Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.

27
28

>Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.

1

> Step four: Is the claimant capable of performing his past work?  If
> so, the claimant is not disabled. If not, proceed to step five.

2

3

> Step five: Does the claimant have the residual functional capacity to
> perform any other work?  If so, the claimant is not disabled.  If not,
> the claimant is disabled.

4

5   Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

6        The claimant bears the burden of proof in the first four steps of the sequential evaluation

7   process.  Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987).  The Commissioner bears the burden

8   if the sequential evaluation process proceeds to step five.  Id.; Tackett v. Apfel, 180 F.3d 1094,

9   1098 (9th Cir. 1999).

10   APPLICATION

11        In his pending motion for summary judgment plaintiff argues that the ALJ committed the

12   following two principal errors in finding him not disabled:  (1) the ALJ erred with respect to his

13   treatment of the medical opinion evidence; and (2) the ALJ erred in failing to consider all of

14   plaintiff's impairments.  (Pl.'s MSJ (Dkt. No. 15-1) at 12-23.[1])

15   **I.    Medical Opinion Evidence**

16        Plaintiff argues that the ALJ's treatment of the medical opinion evidence of record

17   constituted error.  (Pl.'s MSJ (Dkt. No. 19-1) at 12-19.)  Specifically, plaintiff argues that the ALJ

18   failed to afford the proper weight to the opinion of examining physician, Dr. Patrick Wong, a

19   Board Certified Psychiatrist.  (Id.)

20        The weight to be given to medical opinions in Social Security disability cases depends in

21   part on whether the opinions are proffered by treating, examining, or nonexamining health

22   professionals.  Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989).  "As a

23   general rule, more weight should be given to the opinion of a treating source than to the opinion

24   of doctors who do not treat the claimant . . . ."  Lester, 81 F.3d at 830.  This is so because a

25   treating doctor is employed to cure and has a greater opportunity to know and observe the patient

26   as an individual.  Smolen, 80 F.3d at 1285; Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir.

27

28   [1]  Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

4

1  1990).  The uncontradicted opinion of a treating or examining physician may be rejected only for

2  clear and convincing reasons, while the opinion of a treating or examining physician that is

3  controverted by another doctor may be rejected only for specific and legitimate reasons supported

4  by substantial evidence in the record.  Lester, 81 F.3d at 830-31.  "The opinion of a nonexamining

5  physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion

6  of either an examining physician or a treating physician.  (Id. at 831.)  Finally, greater weight

7  should be given to the "'opinion of a specialist about medical issues related to his or her area of

8  specialty.'"  Benecke v. Barnhart, 379 F.3d 587, 594 (9th Cir. 2004) (quoting 20 C.F.R. §

9  404.1527(d)(5)).

10          Here, plaintiff was examined by Dr. Wong, at defendant's request, on August 8, 2009.

11  (Tr. at 326.)  After conducting his examination, Dr. Wong issued an opinion as to plaintiff's

12  functional limitations.  (Id. at 328.)  The ALJ acknowledged Dr. Wong's opinion but ultimately

13  elected to afford that examining physician opinion "reduced weight."  (Id.at 34.)

14          In support of that decision the ALJ asserted that Dr. Wong's opinion was "inconsistent

15  with the medical evidence of record."  (Id.)

16
17
18
19
> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity . . . required, even when the objective factors are listed seriatim.  The ALJ must do more than offer his conclusions.  He must set forth his own interpretations and explain why they, rather than the doctors', are correct.

20  Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir.1988).  See also Tackett v. Apfel, 180 F.3d

21  1094, 1102 (9th Cir. 1999) ("The ALJ must set out in the record his reasoning and the evidentiary

22  support for his interpretation of the medical evidence."); McAllister v. Sullivan, 888 F.2d 599,

23  602 (9th Cir. 1989) ("Broad and vague" reasons for rejecting the treating physician's opinion do

24  not suffice).

25          Here, the ALJ found Dr. Wong's opinion was inconsistent with the medical evidence of

26  record because

27
28
> Dr. Wong stated that the probability that the claimant would functionally deteriorate in the workplace was significantly elevated despite treatment; however, the medical evidence shows that the

1
2

> claimant appears to be stable with medication and Dr. Wong actually opined that the claimant's symptoms are much diminished with his current regime of medication.

3    (Id.)

4         The ALJ, however, does not cite to any medical evidence in support of the assertion that

5    plaintiff was stable with medication.  Moreover, the medical evidence of record in fact reflects

6    that plaintiff's condition was not stable prior to Dr. Wong's examination.  In this regard, there are

7    multiple instances of plaintiff's condition worsening, with plaintiff complaining of manic

8    episodes, increased anger, depression, auditory hallucinations and feelings of "gummy brains."

9    (Id. at 301-10.)

10        Moreover, while Dr. Wong did opine at the time of his examination that plaintiff's

11   symptoms were diminished by plaintiff's then-current regime of medication, it was also Dr.

12   Wong's stated opinion that "the probability of functional deterioration" was "significantly

13   elevated despite treatment."  (Id.)  Specifically, Dr. Wong found that while "under reduced levels

14   of stress" plaintiff was "relatively stabilized," plaintiff had a "history of deterioration functionally

15   and psychiatrically in workplace situations."  (Id. at 328.)  Nonetheless, the ALJ rejected Dr.

16   Wong's finding, concluding that there was "little evidence" that plaintiff was "receiving treatment

17   or taking medications at the time of his last work episode in 2004," and thus there was "little

18   evidence" that plaintiff "would deteriorate in the workplace despite treatment."  (Id. at 34.)

19   However, a review of the record compels the conclusion that there was in fact ample evidence

20   that plaintiff was taking medications at the time of his last work episode in 2004.

21        In this regard, medical records from May 6, 2003, September 30, 2003, June 4, 2004, and

22   January 13, 2005, all evidence that plaintiff was taking Lithium, Tagretol and Paxil during that

23   period of time.  (Id. at 257, 263, 266, 267.)  In fact,  medical records dated September 30, 2003

24   state that plaintiff had been taking Lithium for "20 years."  (Id. at 263.)  In light of this record, it

25   cannot fairly be said that there was "little evidence" that plaintiff was taking medications at the

26   time of his last work episode in 2004.  In reaching that conclusion the ALJ erred.

27        The final reason offered by the ALJ for ascribing less weight to Dr. Wong's opinion was

28   that the ALJ found Dr. Wong's opinion to be internally inconsistent.  The ALJ claimed that Dr.

6

1    Wong's opinion made "three different statements as to the claimant's ability to maintain adequate

2    pace and level of endurance over an 8-hour day." (Id. at 34.)  However, while interpretation of

3    Dr. Wong's opinion may require some extra effort to fully comprehend the limitations expressed

4    therein, Dr. Wong did clearly state in his opinion that while plaintiff's ability to maintain pace

5    and endurance over an 8-hour workday "on any single day is probably fair," his ability to do so

6    was "moderately to markedly impaired if viewed over the longer term." (Id. at 328.)  In so

7    finding, Dr. Wong noted that plaintiff would likely experience periods in which his ability to

8    maintain adequate pace and endurance was "very poor" because of the likelihood that plaintiff

9    would "cycle into hypomania or a greater depressed phase." (Id.)  Thus, Dr. Wong concluded

10   that plaintiff's ability to "tolerate the stress of a workplace is poor." (Id.)

11           In light of the above analysis, the court finds that the ALJ erred in failing to offer a

12   specific and legitimate reason for his decision to afford Dr. Wong's opinion following

13   examination of plaintiff reduced weight.  Accordingly, the court finds that plaintiff is entitled to

14   summary judgment with respect to this claim.

15                                                        CONCLUSION

16           With error established, the court has the discretion to remand or reverse and award

17   benefits.[2]  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).  Where no useful purpose

18   would be served by further proceedings, or where the record has been fully developed, it is

19   appropriate to exercise this discretion to direct an immediate award of benefits.  See Benecke v.

20   Barnhart, 379 F.3d 587, 595-96 (9th Cir. 2004).  However, where there are outstanding issues that

21   must be resolved before a determination can be made, or it is not clear from the record that the

22   ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated,

23   remand is appropriate.  Id. at 594.

24           Here, it is clear from the record that the ALJ would be required to find plaintiff disabled if

25   all the evidence were properly evaluated.  According to the Vocational Expert who testified at the

26   December 14, 2010 administrative hearing, "there would not be" any unskilled work available to

27   _____

     [2] In light of the analysis and conclusions set forth above, the court need not address plaintiff's

28   remaining claim of error.

                                                                7

1  plaintiff given his functional limitations if Dr. Wong's opinion were afforded the proper weight.

2  (Tr. at 69.)  Moreover, according to Dr. Wong, plaintiff's "baseline functioning" was at its "best,"

3  at the time of Dr. Wong's August 8, 2009 examination.  (Id. at 328.)  It therefore appears clear

4  from the record that even at his best level of functioning, no work exists for plaintiff.  Therefore,

5  this matter should be remanded for an award of benefits.

6       Accordingly, IT IS HEREBY ORDERED that:

7         1.  Plaintiff's motion for summary judgment (Dkt. No. 15) is granted;

8         2.  Defendant's cross-motion for summary judgment (Dkt. No. 28) is denied;

9         3.  The decision of the Commissioner of Social Security is reversed for the reasons

10  indicated above; and

11         4.  This case is remanded for an immediate award of benefits.

12  Dated:  March 12, 2014

13

14  _____
    DALE A. DROZD
15  UNITED STATES MAGISTRATE JUDGE

DAD:6
16  Ddad1\orders.soc sec\milani2301.ord.docx

17

18

19

20

21

22

23

24

25

26

27

28

8